IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Nancy Mestey New, ) | C/A No.: 6:03-3949-RBH |
| o/b/o Derek and Kassie Mestey, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Jo Anne B. Barnhart, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Nancy Mestey New, brought this action pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security terminating the child's insurance benefits of Derek and Kassie Mestey.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he

1

court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## **Administrative Proceedings**

The Plaintiff filed applications for child's insurance benefits ("CIB") on January 18, 1996, on behalf of her children, Derek J. Mestey and Kassie N. Mestey, based on the earnings record of her ex-husband, Angel M. Mestey, who died on January 2, 1996. The applications were granted and Derek and Kassie began receiving benefits. On March 29, 2000, the plaintiff was notified that the child's insurance benefits were being terminated. The Social Security Administration ("SSA") upheld this determination upon reconsideration and on June 28, 2001, the plaintiff requested a hearing. The plaintiff, her attorney, and a witness appeared before the administrative law judge ("ALJ"). The ALJ considered the case *de novo* and, on August 28, 2002, found that Derek and Kassie were not entitled to benefits. The ALJ's decision became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on October 16, 2003. The plaintiff then filed this action for judicial review.

The ALJ made the following findings in this case:

1.   Kassie N. Mestey was born on March 24, 1982; Derek J. Mestey was born on November 16,

1983; and their natural mother is Nancy Mestey New, who married the deceased wage earner, Angel M. Mestey, on March 15, 1965.

2. Neither Kassie nor Derek is the natural child, legally or equitably adopted child, stepchild, grandchild, or stepgrandchild of the deceased wage earner, Angel M. Mestey.

3. The evidence, including representations by Nancy in a DSS child support action in 1984 and in a final Divorce Decree in 1985, along with the results of 1989 genetic testing, is convincing that neither Kassie nor Derek was the wage earner Angel's natural child within the meaning of section 404.355.

4. Kassie and Derek are children born out of wedlock, are not Angel's natural children, and are not entitled to inherit from Angel's estate under applicable Georgia statutory or case law. O.G.C.A. § 19-7-20 *et seq*; § 53-2-3 *et seq*.

5. Kassie and Derek are not Angel's natural children under Georgia inheritance laws (20 C.F.R. 404.355(a)).

6. Neither Kassie nor Derek is the "child" of the wage earner Angel within the meaning of sections 216(e) or 216(h) of the Social Security Act, as amended.

**Facts**

The facts in this case are not disputed. The plaintiff, Nancy Mestey New, and Angel Mestey, the wage earner, were married in 1965. The two children[1] involved in this action are Kassie, born March 25, 1982, and Derek, born November 15, 1983. Mr. Mestey was listed as the father on both of the children's birth certificates.[2] The plaintiff and Mr. Mestey separated in 1980 and were divorced in 1985. The divorce decree incorporated a settlement agreement of the parties dated January 3, 1981. This settlement agreement listed four (4) other children of the marriage, but neither it nor the divorce decree mentioned Kassie or Derek. The decree also indicates that a corroborating witness testified that the plaintiff and Mr. Mestey had lived separate and apart since July of 1980.

---

[1] The "children" are now adults.

[2] A copy of Derek's birth certificate is a part of the record. There is no birth certificate for Kassie in the record, but there is no dispute that Mr. Mestey is listed on her birth certificate as well.

3

Plaintiff signed a South Carolina DSS Child Support Referral Form in April 1984, in which she identified Derrick Faison as the natural father of Kassie and Derek. On this form, plaintiff stated that Mr. Mestey was the "legal father," but that Mr. Faison was the "natural father." She also stated that Mr. Mestey was a homosexual and had had a vasectomy so he could not be the biological father of Kassie and Derek.

Genetic testing conducted in March of 1989 showed that there was a 99.95 percent chance that a man other than Mr. Mestey was the father of Kassie and a 97.11 percent change that the same man was the father of Derek.

On August 15, 1995, Mr. Mestey filed for disability benefits and listed Kassie and Derek as his dependent children. At the time Mr. Mestey filed this claim, he was living in Savannah, Georgia. Mr. Mestey's claim was denied on December 20, 1995, on the grounds that he had not been disabled on or before March 31, 1990, the date his insured status expired. Mr. Mestey died two (2) weeks later, on January 2, 1996.

After Mr. Mestey's death, the plaintiff filed claims for CIB on behalf of Kassie and Derek. In these applications plaintiff stated that the children had always lived with her and had been living with her at the time of Mr. Mestey's death. The applications were approved and the children began receiving benefits. The plaintiff remarried, to Ronald New, on December 6, 1995. After Mr. New's death in December of 1997, the plaintiff became eligible for surviving divorced mother's benefits ("SDMB") on behalf of any of Mr. Mestey's children in her care. She filed for these benefits on May 13, 1988. After her application was filed, the SSA obtained information that Derek's original application for a social security card had listed Derrick Faison, not Angel Mestey, as his father. The SSA also obtained a copy of the Mesteys' divorce decree, which listed four (4) children born of the

marriage, but did not include Kassie or Derrick. The SSA then sought to terminate benefits to Kassie and Derrick.

The plaintiff made a statement for the SSA dated May 19, 1998, which states:

Derek and Kassie Mesty are the children of Angel M. Mesty. Angel and I separated in 1980 but we resumed living together in 1981 in January. He was stationed in Ft. Stewart Ga. I was living in Charleston SC. We visited each other on the weekend. The statement in the divorce decree regarding us living separate and apart since July 1980 is not true.

The reason Derek and Kassie were not mentioned in the divorce papers were because I did not want Angel to have anything to do with the children since he had been court martial[ed] while in the military service for being bi-sexual.

I do not know why Derek Mesty's fathers name is shown as Derek Faison on his Social Security card application. I know of a Derrick Faison who[se] mother was a minister - Juanita Faison. Derrick that I know as Rick Faison lives in Chas SC and is or was self employed. My daughter used to work his brother at Calhoun Flowers.

Plaintiff wrote a statement in April 2000, protesting the termination of benefits to Kassie and Derek. In this statement, the plaintiff indicated that Derrick Faison had been her boyfriend during her separation from Mr. Mestey and that, although she continued to see Mr. Mestey on the weekends during that time, she believed that Kassie and Derek "could possibly be the natural children of" Mr. Faison. However, she stated that she was told to drop her claim for child support against Mr. Faison because "[M]r. Mestey was the legal father of my children and always would be unless a judge declared otherwise."

Part of the record is a copy of a Final Order of the Probate Court of Chatham County, Georgia, finding that Kassie, Derek, and the four (4) children listed in the Mesteys' divorce decree are "the heirs at law and distributees of the said Angel Manuel Mestey, deceased, and are entitled to participate in the division of his estate." This order is dated January 22, 2002.

5

At the hearing before the ALJ, the plaintiff's attorney acknowledged that Mr. Mestey is not the biological father or these two children. The plaintiff testified that Mr. Mestey knew that he was not their natural father, but that he treated them as his own children during his lifetime, obtaining military dependent IDs for them and listing them as dependants on his disability application.

## **Appeal from the Commissioner's Decision**

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge William M. Catoe. On December 20, 2004, Magistrate Judge Catoe filed a Report and Recommendation ("the Report") suggesting that the decision of the Commissioner be affirmed. After a request for an extension of time, the plaintiff timely filed objections to the Report on January 27, 2005. The defendant filed a response to plaintiff's objections on February 7, 2005.

The Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that the child's insurance benefits of Derek and Kassie Mestey be terminated.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In her objections to the Report, the plaintiff claims that the Magistrate Judge erred as a matter

6

of law. The plaintiff disputes the Magistrate Judge's assertion that this "case essentially turns on Georgia law as to whether or not Kassie and Derek could inherit Mr. Mestey's personal property as his natural children, i.e. whether they could be deemed his natural children for the purposes of Georgia inheritance laws." Instead, the plaintiff alleges that this case turns on:

> (1) whether Kassie and Derek Mestey are the legal children of Angel Mestey and entitled to inherit under Georgia inheritance laws; (2) whether the fact that they are not biological children of Angel Mestey deprives them of their inheritance under Georgia law, given the affirmative acts of Angel Mestey during his lifetime; and (3) whether it is: (a) in the best interest of the children, (b) against public policy, and (c) proper for the ALJ, the Commissioner and the Magistrate Court to declare Derek and Kassie Mestey illegitimate, in the face of their legal status as legitimate and heirs [sic] of Angel Mestey pursuant to the Chatham County, Georgia Probate Court Order.

(Plaintiff's Objections pp. 1-2) The plaintiff makes the following specific objections to the Report:

> (1) the Report does not reflect that the Court read plaintiff's brief set forth in the Complaint; (2) the Report errs in determining that the children are illegitimate under Georgia law; (3) the Report errs in determining that Kassie and Derek are not entitled to social security benefits because they fail to meet the requirements of Georgia inheritance laws; (4) the Report errs in finding that Kassie and Derek are not natural children under 404.355; (5) The Report cannot permit the ALJ to ignore the *nisi prius* court because the ALJ failed to make a finding that the Georgia Supreme Court would not have upheld the Probate Court order, and the ALJ is not permitted to disregard the findings of that Order unless he specifically makes that determination; and (6) the issues should be certified to the Georgia Supreme Court.

(Plaintiff's Objections pp. 7-8)

### **Applicable Law**

The Social Security Act ("the Act") provides that a child is entitled to CIB on the earnings record of an insured person who has died if: (1) the child is the insured person's child based upon a relationship as set forth in 20 C.F.R. § 404.355 - 20 C.F.R. § 359; (2) the child is dependent on the insured, as set forth in 20 C.F.R. §§ 404.360 - 404.365; (3) the child applies, (4) the child is unmarried, and (5) the child is under the age of eighteen (18). *See* 42 U.S.C. §§ 402(d)(1)(A) - (C);

7

20 C.F.R. §§ 404.350(a)(1) - (5).  Also under the Act, a surviving divorced mother is entitled to benefits under certain circumstances.

A child may be eligible for benefits as the insured's natural child if: (1) the child could inherit the insured's personal property as his natural child under the inheritance laws of the state where the insured had his permanent home when he died; (2) the child is the insured's natural child and the insured and the child's mother went through a ceremony which would have resulted in a valid marriage between them except for a "legal impediment"; (3) the child is the insured's natural child and the child's mother did not marry the insured, but the insured either acknowledged in writing that the child is his child, had been decreed by a court to be the child's father, or had been ordered by a court to contribute to the child's support prior to his death; or (4) the child's mother did not marry the insured but the child has evidence other than the evidence described in 20 C.F.R. § 404.355(a)(3), to show that the insured is the child's natural father, and evidence to show that the insured was either living with the child or contributing to the child's support when he died.  *See* 42 U.S.C. §§ 416(h)(2)(A) - (B), 416(h)(3)(C)(I) - (ii); 20 C.F.R. §§ 404.355(a)(1) - (4), (b), (b)(4).  After the determination is made that an applicant is the "child" of the insured wage earner, the focus turns to the other requirements for entitlement to benefits: whether the child is dependent on the insured, whether the child is unmarried, and whether the child is under the age of eighteen (18).  42 U.S.C. § 402(d)(1); 20 C.F.R. § 404.350(a).

## Discussion

As noted above, it is undisputed that Kassie and Derek are not the biological children of Mr. Mestey.  The plaintiff's objections are each dealt with below.

**Objection 1: The Report does not reflect that the Court read plaintiff's brief set forth in the Complaint**

Plaintiff's first objection is that the Report does not reflect that the Court read her brief, which is set forth as part of the Complaint. While it is not specifically stated in the Report, this Court presumes that the Magistrate Judge reviewed the entire record, including the plaintiff's Complaint, in making his recommendation to this Court. Additionally, this Court is aware that plaintiff's brief has been included in her Complaint and will consider it in making Its decision regarding this matter.

**Objection 2: The Report errs in determining that the children are illegitimate under Georgia law, that they fail to meet the requirements of Georgia inheritance laws, and that they are not natural children under 404.355**

The plaintiff objects on the basis that she believes the children are not illegitimate under Georgia law, they meet the requirements of Georgia inheritance laws, and they are natural children under 20 C.F.R. § 404.355. The defendant argues that the final administrative decision denying plaintiff's application for CIB is supported by substantial evidence and this Court should reject plaintiff's objection. This Court's standard of review is whether the Commissioner's decision is supported by substantial evidence and whether correct legal principles were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

Plaintiff argues that the children "could inherit the insured's personal property as his or her natural child under State inheritance laws" and, therefore, are the natural children of the deceased. 20 C.F.R. § 404.355(a)(1). Plaintiff argues that it has been conclusively found by the Georgia probate court that the children could inherit Mr. Mestey's personal property. The ALJ discounted this order because he determined that it was obtained solely for the purposes of this social security proceeding. The ALJ's reasoning is that Mr. Mestey died six (6) years prior to the January 2002 order of the

probate court and the CIB benefits were terminated in March of 2000. In fact, at the time of the January 2002 order was issued, the SSA had already upheld, after reconsideration, the determination to deny benefits. Additionally, while the probate judge said that his findings were made "after hearing evidence" there is no indication of what evidence he was presented with. As discussed more fully below with regard to plaintiff's third objection, this Court finds that the ALJ did not err in discounting the probate court order.

Under Georgia law, all children born in wedlock are presumed to be legitimate. Ga. Code Ann. §19-7-20. However, this presumption of legitimacy can be rebutted by clear and convincing evidence. Ga. Code Ann. § 19-7-20(b); *In re Estate of Slaughter*, 540 S.E.2d 269 (Ga. Ct. App. 2000). Additionally, a child who is the issue of adulterous intercourse of a wife during her marriage is considered to be a "child born out of wedlock." Ga. Code Ann. § 19-7-23(2).

A child born out of wedlock may inherit in the same manner as if legitimate from or through the child's mother, but not from or through the child's father unless: (1) a court has entered an order declaring the child to be legitimate or an order establishing paternity; or (2) the father has executed a sworn statement attesting to the parent-child relationship, the father has signed the child's birth certificate, or there is other clear and convincing evidence that the child is the child of the father. Ga. Code Ann. § 53-2-3(2)(A).

Plaintiff lists as evidence that the deceased considered the children his own the fact that his name is listed on the birth certificates of Derek and Kassie. Under Georgia law, the identification of Mr. Mestey on the birth certificates also creates a presumption of paternity, but only it if is entered with the written consent of the father. Ga. Code Ann. § 19-7-46.1. The ALJ found that the presumption in this case was rebutted because there is no evidence in the record that Mr. Mestey

10

consented to his name appearing on the birth certificate and there was overwhelming evidence to rebut Mr. Mestey's paternity. Furthermore, Georgia law requires that a married woman list her husband as the father of her children. Ga. Code Ann. § 31-10-9(e). Thus, that Angel Mestey is listed as Derek and Kassie's father on their birth certificates is more probative of the fact that the plaintiff was still married to him at the time of their births than it is of the fact that he is the children's father. Additionally, the Court notes that a state law presumption that the child of a married woman is also the child of her husband does not apply in determining whether a decedent's children are entitled to benefits under Social Security Act. *See Jones v. Sullivan*, 953 F.2d 1291, 1295 (11th Cir. 1992) (Appeal from the United States District Court for the Northern District of Georgia addressing the requirement under Georgia law that a married woman list her husband on a birth certificate in a social security context). Even if there is a rebuttable presumption of Mr. Mestey's paternity, this presumption is overcome by evidence in the record of testing, meeting the requirements of Ga. Code Ann. § 53-2-3(B), that Derrick Faison is the children's biological father.[3] The Georgia Courts have held that the statutory presumption of legitimacy can be overcome by the results of blood tests which exclude the possibility that the husband was the father. *Families First v. Gooden*, 439 S.E.2d 34 (Ga. Ct. App. 1993).[4]

The ALJ found that "[t]he strong presumption under Georgia law that births during marriage

---

[3] There is also a rebuttable presumption of paternity of a child born out of wedlock if scientifically credible parentage-determination genetic testing has been performed which establishes at least a ninety-seven percent (97%) probability of paternity. Ga. Code Ann. § 19-7-46. This rebuttable presumption of paternity can be overcome by the presentation of clear and convincing evidence as determined by the trier of fact. *Id*.

[4] In *Families First*, a husband sought custody of a child born to his wife who had given the child up to an adoption agency without his knowledge when he was away. The court held the statutory presumption of legitimacy was overcome by the evidence, including the result of blood tests which excluded the possibility that the husband was the father.

11

are legitimate is clearly rebutted by the facts of this case." (Transcript p. 17) The plaintiff identified Derrick Faison as Kassie and Derek's father in her DSS action for child support in 1984. Additionally, she did not identify either of the children as Angel's in the 1985 divorce decree, although they were only two (2) and three (3) years old at that time. Finally, the plaintiff has acknowledged throughout this appeal that Derrick Faison, not Angel Mestey, is the children's biological father.

**Objection 3: The Report cannot permit the ALJ to ignore the *nisi prius* court because the ALJ failed to make a finding that the Georgia Supreme Court would not have upheld the Probate Court order, and the ALJ is not permitted to disregard the findings of that Order unless he specifically makes that determination**

The plaintiff alleges that the ALJ and the Magistrate Judge erred in rejecting the decision of the Chatham County, Georgia, Probate Court determining Kassie and Derek Mestey heirs of Angel Mestey. The ALJ rejected this order on the ground that the "Order was based upon deficient or incomplete record" and, therefore, not entitled to consideration. The plaintiff argues that the Report erred in determining "that the clear implication of the ALJ's finding is that if the Georgia Supreme Court were to review the Probate Court Order, it would not have upheld it or used it as a basis for finding that the children were Mr. Mestey's heirs under Georgia law." (Plaintiff's Objections p. 5) The plaintiff alleges that the ALJ does not meet the statutory compulsory requirement to disregard the lower court order and asks this Court to certify the question to the Georgia Supreme Court.

A Commissioner is under no constitutional compulsion to give full faith and credit to a state court decree; he is only "under a statutory compulsion to determine what 'the courts' of [Georgia] would find." *Cain v. Secretary of HEW*, 377 F.2d 55, 58 (4th Cir.1967).

> "The courts" does not refer solely to an ex parte order of a trial court. Rather, § 416(h) contemplates that the [Commissioner] determine the law of the state as it has been

12

> declared by the Supreme Court of the state. Where, as here, the [state] Supreme Court has not had occasion to declare the law, the [Commissioner] may follow the opinion of nisi prius court; but if he believes its decision to be in conflict with what the [state] Supreme Court "would find" were the point presented to it, he may disregard the lower court's decision. Indeed, it is well-settled that the [Commissioner] is not bound by ex parte decisions made in the state courts.

*Id*. *See also Pitts v. Hamrick*, 228 F.2d 486 (4th Cir. 1955); *Rocker v. Ceelebrezze*, 358 F.2d 119 (2d Cir. 1966); *Ramsey v. U.S.*, 61 F.2d 444 (5th Cir. 1932). The crux of *Cain* was

> a determination of whether claimant and Mr. Cain were validly married on the date of the latter's death, and that determination, depends upon whether the decree of December 6, 1962, purporting to void the previously entered decree of divorce was itself valid and required to be accepted by the Secretary.

*Cain*, 377 F.2d at 57. In that case, the claimant obtained an *ex parte* order from the Richland County Court purporting to set aside the divorce decree between the claimant and her deceased husband as "void ab initio." The Secretary of Health, Education, and Welfare determined that "the original decree dissolving the marriage was not void for the alleged procedural defect"[5] and denied the claimant benefits. *Id*. at 58. The Fourth Circuit held that "[t]he Secretary was under no constitutional compulsion to give full faith and credit to the state court decree; he was only under a statutory compulsion to determine what the 'the courts' of South Carolina would find in regard to Mr. Cain's marital status at the time he died." *Id*. This Court finds no distinction between the decree dissolving the marriage in *Cain* and the probate court's order in the instant case. Consequently, the ALJ's decision to reject the probate court was not made in error.

**Objection 4: The issues should be certified to the Georgia Supreme Court**

This Court does not deny that it is proper to certify unsettled questions of state law to a state's

---

[5] The claimant sought to have the divorce decree voided on the basis that it was granted prematurely. In fact, more than ninety (90) days had elapsed between the filing of the complaint for divorce and when the decree of divorce was granted, so that the divorce was not granted prematurely. *Cain*, 377 F.2d at 58.

13

highest court. *See Boyd v. Bulala*, 877 F.2d 1191 (4th Cir. 1989). Additionally, the state of Georgia has specifically given its Supreme Court that authority: "The Supreme Court shall have jurisdiction and authority to answer any question of law from any state appellate or federal district or appellate court." Georgia Constitution, Article VI, Section VI. However, this Court does not find a need to certify any questions because it fails to find an unsettled question of state law.

## Conclusion

On the record before it, this Court must overrule all objections and agree with the Magistrate Judge's recommended disposition of this case.

After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the Court is constrained to adopt the recommendation of the Magistrate Judge and accept the determination of the Commissioner that the child's insurance benefits of Derek and Kassie Mestey be terminated.

For the foregoing reasons, all objections are overruled, the Report and Recommendation of the Magistrate Judge is incorporated herein, and the decision of the Commissioner terminating benefits is hereby affirmed.

**IT IS SO ORDERED**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

June 9, 2005
Florence, South Carolina